UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request Seeking Business Records and Interviews | MISC. NO. _____ |

DOJ Reference Number: CRM-182-63755

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Linda Otani McKinney, Senior Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from the Prosecutor General of the Portuguese Republic ("Portugal"). In support of this application, the United States asserts:

### RELEVANT FACTS

1. On May 4, 2018, Portugal submitted a request for assistance (hereinafter, the "Request") to the United States, to which the Convention on Cybercrime, Jan. 7, 2004, Council of Eur., T.I.A.S. No. 13174, C.E.T.S. No. 185 (hereinafter, the "Treaty") applies. As stated in the Request, the Investigation and Criminal Prosecution Department of Lisbon is investigating an

unauthorized transfer of funds based on forged transfer orders, occurring in or about December 2010 through March 2011, in violation of the criminal laws of Portugal; namely, embezzlement and qualified embezzlement, Articles 217 and 218 of the Portuguese Criminal Justice Act. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in Portugal, the victim held a bank account, with two sons, at the former Caixa Geral de Depósitos, in Portugal. From in or about December 2010 through March 2011, unknown persons, impersonating the victim and using forged documents, transferred a total of approximately $210,350 U.S. dollars, through four transfers of funds, from the victim's bank account, at the former Caixa Geral de Depósitos, to three banks in the United States. These transfers were made without the knowledge or consent of the victim account holders as follows:

    a. on December 14, 2010, $20,000 was transferred to account number XXXXXX0713 at Regions Bank, in Marietta, Georgia, purportedly held in the name of the victim;

    b. on January 27, 2011, $79,000 was transferred to account number XXXXX9966 at JP Morgan Chase, in Georgia, purportedly held in the name of the victim;

    c. on February 8, 2011, $98,350 was transferred to account number XXXXX9966 at JP Morgan Chase, in Georgia, purportedly held in the name of the victim; and

    d. on March 4, 2011, $13,000 was transferred to account number XXXXXXXX7111 at Bank of America, in Charlotte, North Carolina, held in the name of George Warwick.

3. To further the investigation, authorities in Portugal have asked U.S. authorities to provide records pertaining to account number XXXXXX0713 at Regions Bank, account number XXXXX9966 at JP Morgan Chase, and account number XXXXXXXX7111 at Bank of America.

Additionally, Portuguese authorities seek interviews of the holder(s) and/or beneficiaries identified through the records obtained for each of the accounts.

## LEGAL BACKGROUND

### The Treaty

4. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

5. The United States and Portugal entered into the Treaty to promote more effective cooperation and assistance between the parties in criminal matters. See Treaty pmbl. The Treaty obligates each party, upon request, to provide "mutual assistance to the widest extent possible for the purpose of investigations or proceedings concerning criminal offences related to computer systems and data, or for the collection of evidence in electronic form of a criminal offence." Treaty chap. III, § 1, tit. 3, art. 25, ¶ 1. In addition, the Treaty provides that "[e]ach Party shall also adopt such legislative and other measures as may be necessary to carry out the obligations set forth in . . . [the Treaty] . . . ." Treaty Chap. III, §3, tit. 1, art.25, ¶ 2. 18 U.S.C. § 3512 authorizes federal courts to use compulsory measures to further the execution of such requests.

## 18 U.S.C. § 3512

6. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\*       \*       \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

\*       \*       \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §

4

authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2] Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v.

---

3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

5

National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

9. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

10. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner, to collect evidence from witnesses and to take such other action as is necessary to execute the Request, has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Prosecutor General of Portugal, the authority designated under Portuguese law to make such requests, and the Request seeks assistance in the investigation of –illegal computer access—a criminal offense in Portugal. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and the compulsion of an interview, falls squarely within that contemplated by Section 3512. Finally, this application was properly filed in the District of Columbia.

11.     This application is being made ex parte, consistent with the United States' practice in its domestic criminal matters. Both Sections 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas used in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a request pursuant to Section 3512 likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipients of the commissioner subpoenas.

12.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Linda Otani McKinney, Senior Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner and

authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

TRACEY S. LANKLER
ASSOCIATE DIRECTOR
District of Columbia Bar Number 449276

By: *[signature]*
Linda Otani McKinney
Senior Trial Attorney
District of Columbia Bar Number 416548
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 353-0346 telephone
(202) 514-0080 facsimile
*Linda.McKinney@usdoj.gov*